ATKINSON ET AL. V. TABOR ET AL.

1. Where, by the subject-matter of a cross-bill, a contest directly involving title to mines is instituted, the bill alleging that the deed thereto, executed and deposited in escrow by one party, was surreptitiously obtained by the other; that the conditions of sale had not been complied with, and by reason thereof no title had passed;

praying affirmative relief, and that the deed be surrendered up to be canceled, and the decree denied the relief prayed for,— *held*, that the decree related to a freehold, and was reviewable on appeal.

2. Matters may occur subsequent to judgment which operate to waive the right to have the judgment reviewed on appeal or writ of error. When such matters appear of record, the objection is properly raised by a motion to dismiss; but when they do not so appear, the objection must be raised by a plea in bar of the proceedings in error.

*Appeal from District Court of Lake County.*

MOTION to dismiss appeal.

Messrs. ROCKWELL and ROWELL, for the motion.

Mr. CLINTON REED and CHARLES S. THOMAS, *contra.*

*Per Curiam:* The appellees move to dismiss the appeal, and assign two principal grounds for the motion; one being that the appellants, since taking the appeal, have availed themselves of a large portion of the money deposited as the purchase money of the mines involved in the litigation, and have thus waived their right to have the judgment appealed from reviewed on appeal. The other ground of the motion is that the judgment appealed from does not relate to a franchise or a freehold, and is not a judgment for money, for which reasons no appeal lies.

The latter ground is not sustained, but directly contradicted by the record. The subject-matter of the cross-bill relates to a freehold. It institutes a contest directly involving the title to several mines, alleging that the deed executed and deposited in' *escrow* by the appellants was surreptitiously obtained by the appellees; that the conditions of the sale were not complied with, and that for these reasons the title did not pass.

The cross-bill prays for affirmative relief, and that the deed be ordered to be delivered up to be canceled, and that the appellants be decreed to be the owners of the real estate, free and clear of all claims of the plaintiffs.

The referee found against the appellants on the issues presented by the cross-bill, and that they were not entitled to the relief prayed for.   Consequently the effect of the decree was to deny appellants' claim of title to the real estate, and to recognize their right to the purchase money deposited under the contract.   Nevertheless the judgment still relates to a freehold, and is reviewable upon appeal.

Upon the other ground assigned in support of the motion, that since taking their appeal the appellants have availed themselves of the benefit of the judgment and the contract, by accepting and receiving a large portion of the purchase money so deposited, thereby waiving their right to have appellees' title decreed null and void as having been surreptitiously obtained, we observe that this point cannot properly be raised by motion.

Matters may occur subsequent to judgment which operate to waive the right of a party to have the judgment reviewed on appeal, or upon writ of error.   When such matters appear of record, the objection is properly raised by a motion to dismiss; but when they do not so appear, the objection must be raised by a plea in bar of the proceedings in error.   Powell on Appellate Proceedings, 121, § 12a, and authorities cited.

We entertain no doubt of the general proposition, that it is inconsistent with the principles of justice, and the rules of law, to permit a party, who has voluntarily taken advantage of a judgment rendered at *nisi prius*, to afterwards prosecute proceedings to reverse it.

Neither have we any doubt of the jurisdiction of this court, when such conduct of a litigant before it is properly alleged, and the matter does not appear of record, to institute the necessary inquiry whether the matters alleged to constitute the waiver have in fact occurred. To sustain the appellants' objection, and hold that we are without power to institute such inquiry, is equivalent to saying that the supreme court of Colorado is

without power to determine a question pertaining to its own jurisdiction.

The motion to dismiss will be denied, without prejudice to the right of the appellees to set up the same matter of waiver by a plea in bar to the proceedings on appeal.

*Motion denied.*