HUNTER, APPELLANT, v. DICKINSON ET AL., APPELLEES.

1. COURTS.
Courts are organized for the purpose of deciding and determining actual disputes and legitimate legal controversies between parties.
2. DEAD ISSUES, NOT DECIDED.
Where the disputes between parties have been settled pending appeal, the court will decline to determine any of the questions upon the record, and will dismiss the appeal.

*Appeal from the District Court of Arapahoe County.*

Mr. FREDERICK A. WILLIAMS, for appellant.

Mr. G. G. SYMES, for appellee.

BISSELL, P. J., delivered the opinion of the court.

In 1892, Hayden, Dickinson and Feldhauser were the owners of a piece of realty situate on the corner of California and Sixteenth streets in the city of Denver. They were erecting a large business block on the property, and their plans contemplated that the water connections should be made on Sixteenth street, on a line which should be substantially that of the alley north of their building extended through Sixteenth street. At that time Sixteenth street had been paved with asphalt—while California remained uncovered with a pavement. There were two lines of water mains running along each street, one controlled by the American Water Company, and the other by what is known as the Citizens' Water Company. It seems to have been the inten-

tion of the owners to connect with the Citizens' Company's water mains in Sixteenth street. An application was made to Hunter, who was the city engineer, for a permit to dig the trenches and make the connection. This was refused. Thereupon a proceeding by mandamus was started to compel him to discharge what was claimed to be his duty in respect of this matter. He raised an issue by his answer, which was predicated substantially upon sundry ordinances of the common council which undertook to define the classes of persons that might receive permits, and also inhibited the digging up of any paved streets for a specified period. The proceedings resulted in a judgment awarding the writ against the engineer, and the present appeal is prosecuted from that judgment. No other facts need be stated to understand the nature of the controversy which is sought to be prosecuted to a final determination in this court. It will not be decided. On the hearing in response to questions by the court, it was admitted by counsel that sometime after the appeal was perfected, and probably within four or five months after the proceeding was begun, the dispute had been settled by the parties, a permit issued, and all desired connections made and the building used and occupied. It is probably just to counsel to say that the inquiry was put by the writer of the opinion by reason of his personal knowledge concerning the situation, and that it was put because it was evident that there was no substantial case pending which litigants had a right to call on this court to determine. Further consideration of the matter has confirmed the writer and the other members of the court in the opinion that this is not a case which this court ought to decide. Courts are organized for the purposes of deciding and determining actual disputes and legitimate legal controversies existing between parties. It is true, that under the statute, parties may make an agreed case and call on the courts to pronounce their opinions concerning it, but even in such matters it is a *sine qua non* that the parties shall attach to their agreed case proof by affidavit that it represents an existing, pending, living dispute. It is not permitted to litigants to commence

actions, take appeals, settle their controversies and then call upon the court to declare general principles, construe ordinances, and determine rights which can only be of value to perhaps other pending or future litigation. This court declines to consider or determine this case, and directs the appeal to be dismissed, and the costs thereof be equally borne and divided between the parties.

The appeal is dismissed.

*Dismissed.*