[No. 5621.]

BURNS v. THE NATIONAL MINING, TUNNEL AND LAND COMPANY ET AL.

Appeals—Adjustment by Parties Pending Appeal — Where, pending an appeal, the controversy is adjusted between the parties, and this appears of record, the appeal will be dismissed on motion.

Such adjustment, or any matter occurring pending the appeal, which operates to bar the right of review, not appearing of record, must be shown by a plea in bar.—(558)

*Appeal from El Paso District Court* — Hon.
ROBERT E. LEWIS, Judge.

Mr. M. MASTERSON, Messrs. GUNN & CHINN, and
Mr. CHARLES S. THOMAS, for appellant.

Mr. K. R. BABBITT, and Mr. F. L. SHERWIN, for
appellees.

Mr. JUSTICE GABBERT delivered the opinion of
the court:

Since this case was lodged here on appeal, the
appellees have filed a motion to dismiss it, based upon
the ground that since the appeal was taken a settle-
ment of the subject-matter of controversy has been
effected. If there has been such a settlement that the
rights of the parties will not be affected by any judg-
ment which this court might render, the appeal
should be dismissed, for its province as a court of
review is to decide and settle controversies by a judg-
ment which will fix the rights of the parties before it,
and not to determine either questions of law or fact
which cannot affect them.—*Floyd v. Cochran,* 24
Colo. 489. In other words, where the disputes be-
tween parties have been settled pending appeal, this
court will decline to determine any of the questions
upon the record, and will dismiss the appeal.—*Hunter
v. Dickinson,* 3 Col. App. 372. But, in the circum-
stances of this case, a motion is not the proper pro-
cedure, for the reason that the matters upon which
appellees rely in support of their motion to dismiss
the appeal do not appear of record. Matters may
occur subsequent to the judgment rendered by the
trial court which operate to bar the right to have such
judgment reviewed either on appeal or error. When
such matters appear of record, the question is prop-
erly raised by motion to dismiss, but when they do
not so appear it must be raised by a plea in bar of

the proceedings pending on appeal or error.—*Atkinson v. Tabor,* 7 Colo. 195.

The motion to dismiss is denied, with leave to appellees to file a plea in bar within twenty days from this date.

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

[No. 5787.]

SAYRE V. SAGE.

1. **Quieting Title—Tortious Possession — A** possession obtained without violence, or any unfair or corrupt means, even though a trespass, and for the purpose of instituting the action, is sufficient.—(561)

2. **Pleadings—Matters Occurring After Issue Joined —** Matters occurring after issue joined must be presented by supplemental pleading. Possession assumed by defendant, pending a bill to quiet title, will not be considered, unless set up by supplemental answer.—(561)

3. **Patent for Lands—Relation to Entry—**The entry of lands in the land office of the United States vests title in the entryman. The patent subsequently issued conveys no additional title, but is merely legal evidence of the title acquired by the entry and purchase.—(562, 563)

4. **Wills—Foreign Probate—**An exemplification of the probate of a will in the courts of another state is not admissible to establish title to lands in this state.—(564)

The statute declaring that a seal or scroll shall not be required to the proper execution of the deed of lands (Mills' Stats., sec. 441, Rev. Stats., sec. 682) applies only to private conveyances.—(566)

Note—By the statute now in force (Laws 1902, ch. 3, Rev. Stats., sec. 5730) it is no longer required that the treasurer's deed shall be under seal.

6. **Statutes—Implied Repeal—**A statute providing that the treasurer's deed of land sold for taxes shall be attested by his official or private seal (Mills' Stats., sec. 3902) is not affected by