[No. 6796.]

HAWTHORNE, TRUSTEE IN BANKRUPTCY, v. HENDRIE & BOLTHOFF MANUFACTURING & SUPPLY COMPANY.

1. **Bankruptcy—Effect as to Liens**—The trustee in bankruptcy takes the estate of the bankrupt subject to all liens, incumbrances, and equities, existing against it at the date of the adjudication in bankruptcy. Secured creditors may enforce their security without going into the court in bankruptcy, subject to the power of stay under section 11, of the Bankruptcy Act.—(347)

2. **——Construction of the Statute**—The word "claim" in sec. 57 of the Bankruptcy Act does not include fixed liens on the real estate of the bankrupt. Nor can the word "dividends," as used in the same section, apply to payments made out of the proceeds of the property burdened with the lien, in liquidation of such lien.—(349)

3. **Payment—Voluntary—What Is**—Defendant in error had obtained a decree declaring a mechanic's lien upon certain property of a corporation which was afterwards declared a bankrupt. The trustee in bankruptcy sued out a writ of error, but did not

apply for a supersedeas, or in any manner seek to stay proceedings under the decree; or, in the bankruptcy court, to prevent or postpone payment thereof. The lien creditor filed in the bankruptcy court an exemplification of his decree. Petitions filed by general creditors to postpone payment of the decree, were withdrawn; protests of other creditors were overruled, and payment of a portion of the amount due was ordered by that court. Subsequently the residue of the decree was paid by the trustee, the payments reported to, and approved by, the court in bankruptcy. Held, that notwithstanding the provisions of sec. 57 of the Bankruptcy Act, the payment must be regarded as voluntary.—(348-350)

4. **Appeals—Effect of Payment of Judgment**—The voluntary payment of a judgment abates a pending writ of error to such judgment.—(346)

*Error to Clear Creek District Court* — Hon. GREELEY W. WHITFORD, Judge.

Messrs. ROGERS, ELLIS & JOHNSON, and Mr. J. E. ROBINSON for plaintiff in error.

Messrs. MORRIS & GRANT for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

Defendant in error, as plaintiff below, brought suit against The Griffith Mines Company to foreclose a mechanic's lien upon certain real estate in Clear Creek County, and obtained a judgment as prayed. The defendant was shortly thereafter adjudged a bankrupt. Silas T. Hawthorne was appointed receiver, and, subsequently, trustee in bankruptcy, and, upon petition, caused the judgment to be opened up to test the validity of the claim.

The cause was again tried, and on February 5, 1909, findings of fact, judgment and decree, entered in favor of plaintiff, establishing the validity of the claim, and constituting it a first lien upon the premises described. The decree further recited, "and it appearing to the court that the defendant, The Griffith Mines Company, has been adjudged a bankrupt,

and that all of the assets of said bankrupt corporation, including the property hereinbefore described, are now in the custody of the United States District Court, for the district of Colorado, sitting in bankruptcy, it is further ordered that no execution shall be sued upon this judgment, but the plaintiff herein may file, in said bankruptcy court, proof of debt and lien hereby established against the estate of said bankrupt corporation, the same to be classed and paid as may be determined by said bankruptcy court to be just and proper."

Thereafter the trustee brought the case here on error, but made no application for supersedeas, or took any steps to stay the judgment below.

Defendant in error specially appeared, and filed a plea in abatement, to dismiss the suit, for the reason that plaintiff in error voluntarily paid, satisfied and discharged the judgment. It is this motion or plea with which we are now concerned.

April 10, 1909, the defendant in error filed against the bankrupt's estate, in the court having charge thereof, a certified copy of the aforesaid mechanic's lien judgment and decree, aggregating the sum of $15,645.70, with interest thereon from February 5, 1909.

Two of the creditors of the bankrupt filed a petition, asking for a postponement of any payment on the mechanic's lien judgment until the rights of the parties were determined in this court. This petition was withdrawn, and a protest against payment filed, by the two, in lieu thereof. June 9, 1909, the protest was overruled, and the trustee ordered and directed to pay "to the Hendrie & Bolthoff Manufacturing & Supply Company, to apply on mechanic's lien, $13,618.77." June 19, 1909, the trustee paid by check, the sum designated in the above order. March 4, 1910, the trustee, by check, paid to

defendant in error the balance of said judgment, interest and costs. Upon the delivery of the first designated check, a receipt was exacted wherein it was recited that the sum was "to apply on mechanic's lien due" defendant in error. Upon the delivery of the second check, a receipt exacted, recited that the sum was received "in payment of the balance due on account of our mechanic's lien claim filed and allowed, * * * it being understood that, in the event this payment is found, on final distribution of the mill fund now on hand, to be excessive, or otherwise improper for any reason, then the same, or such part thereof as may be required by the referee, will be returned to the trustee." The mill fund was fully distributed without any findings within the conditions named.

Reports showing the above payments were made by the trustee, and approved in the proceedings in bankruptcy. March 17, 1910, the trustee presented his final report, showing, among the items of disbursements, the above named payments to defendant in error, "acct. mechanic's lien," together with a designated balance on hand. This report was approved on April 26 following, and the "balance on hand" ordered distributed as a dividend to the general creditors, etc.,"and, upon compliance with this order, said trustee shall be discharged of his trust." Thereafter, the trustee reported payment of dividends, and full compliance with the last named order, and prayed that the matter be continued until the determination of the suit pending in this court. Thereupon an order was entered continuing the matter indefinitely.

Upon receipt from the trustee of the second check hereinbefore named, the defendant in error caused the mechanic's lien judgment to be fully satisfied and discharged of record, which is shown by a

certificate to that effect, from the clerk of the district court of Clear Creek County, of date May 18, 1910.

The contention of defendant in error is, that subsequent to the filing of the case in this court, the judgment involved was voluntarily satisfied, and has, therefore, passed beyond review. Plaintiff in error maintains that the judgment has not been paid or satisfied, but, if it were, it was not a voluntary payment, but made under coercion, and, therefore, constitutes no bar to the prosecution of the writ of error.

It is elementary that matters may occur, subsequent to the judgment rendered by the trial court, which preclude an appellate tribunal from reviewing such judgment, either on appeal or error.—*Atkinson v. Tabor*, 7 Colo. 195, 197. Courts concern themselves with actual controversies, involving real and substantial rights between the parties to the record. They do not, and should not give opinions upon moot questions or abstract propositions. If pending a review from a judgment of a lower court, an event intervenes which renders it impossible for the appellate court to grant effectual relief, the court will not proceed to review the matter, but will dismiss the proceeding.

In *Knowles v. Harrington*, 45 Colo. 346, we said: "Some time after this suit was instituted in this court * * * the plaintiff in error paid the judgment and costs in full which he now seeks to have reviewed by this court. Under these conditions, we shall decline to do so, there being no judgment to be reviewed."

The following cases likewise announce and support the rule: *Floyd v. Cochran*, 24 Colo. 489; *Burns v. Natl. M. & T. L. Co.*, 47 Colo. 557, 558; *American*

*Book Co. v. Kansas,* 193 U. S. 49; *Mills v. Green,* 159 U. S. 651.

Except as set forth and enumerated in section 67, U. S. Compiled Statutes, 1901, p. 3449, a trustee in bankruptcy takes the bankrupt's property, subject to all the liens and incumbrances, whether created by the act of the bankrupt or by operation of law, which existed against the property in the hands of the bankrupt. *Yeateman v. Institution,* 95 U. S. 764, after announcing this doctrine, says: "The receiver and assignee seem to have acted throughout upon the theory that they had the right, immediately upon and by virtue of the adjudication in bankruptcy, to assume control of all property of every kind and description, wherever held, in which the bankrupt had an interest, without reference    *    *    * to the liens, incumbrances, or equities which existed against the property at the time of the adjudication in bankruptcy. We have seen that such a theory is unsupported by law." This is also the holding *In re Goldsmith,* 118 Fed. 763. The language there used is: "If secured creditors elect to rely upon their security, they are not parties to the bankruptcy proceedings at all. There is nothing compelling them to make proof, and they may enforce their lien, if otherwise valid, subject to the power of stay set forth in section 11 of the Act."

In the case at bar, defendant in error had secured a judgment in the district court against The Griffith Mines Company, establishing the indebtedness against the latter, and the mechanic's lien upon the property to secure the same, prior to the adjudication in bankruptcy. As the judgment was entered within four months prior to the filing of the petition in bankruptcy, it was the right, and, perhaps, the duty of the trustee to cause the judgment to be opened up and the validity of the lien determined.

This he did, the proceeding resulting in a judicial determination, re-establishing the *bona fides* of the transaction, and the validity of the lien. If the trustee was unwilling to comply with that judgment, the law afforded him ample remedy. He could have brought the matter to this court, on error, and applied for a supersedeas to stay the judgment; or, he could have appealed to this court, and by a proper application under sec. 430 of the Code, R. S. 1908, been relieved of filing a bond, and still procured a stay of the judgment.

Moreover, the decree itself afforded to him a remedy. It prohibited an execution on the judgment and authorized its enforcement or payment "as may be determined by said bankruptcy court to be just and proper." Under this decree, not being objected to by defendant in error, the bankruptcy court could, doubtless, have allowed the claim and postponed the payment thereof until the termination of the litigation in this court. That court made no order of postponement. Moreover, it was not even requested so to do by the trustee, the person now here complaining. Apparently the consensus of opinion of the creditors of the bankrupt, the trustee and the bankruptcy court was, that there be no postponement of payment, and that the best interests of the estate would be conserved by ending the litigation in the state courts. Accordingly, the request for postponement, filed by two of the creditors, was withdrawn, and the lien discharged, the only objection being a protest against the payment by two of the creditors. The trustee, who alone represented every creditor, made no request for postponement, and interposed no objections to the order of payment, and subsequently voluntarily complied therewith.

It is contended that, by sec. 57 of the Bankruptcy Act it is made clear, that the payment in question was only tentative, and in no sense constituted pay-

ment or satisfaction of the judgment, either voluntarily or involuntarily. The provisions of that section are, substantially, that claims which have been allowed, may at any time before the estate is closed, be reconsidered for cause; and whenever a claim, upon which a dividend has been paid, shall have been reconsidered, and rejected in whole or in part, the trustee may recover from the creditor the amount of the dividend received upon the claim, if rejected in whole, or the porportional part thereof, if rejected only in part.

We are of the opinion that the meaning contended for cannot be properly deduced from the section. The word "claims," as therein used, does not, and cannot be held to include fixed liens on the real estate of the bankrupt; nor can the word "dividends," as therein used, be applied to payments liquidating such liens out of the proceeds of the sale of the particular property upon which the lien existed. This is clearly evident from the whole act. By certain sections thereof, secured creditors can vote at meetings of creditors, or have their claims counted when computing the number of creditors or the amount of their claims, only when the claims exceed the value of the securities or priorities, and then only for the excess. Clearly then to the extent of the value of the security held, the indebtedness of the bankrupt to the secured creditor, is not a claim against the bankrupt's estate. The lien existing, segregates the security to that extent from the estate, and the adjudication in bankruptcy in no wise affects it. Moreover, the defendant in error has never, at any time, received a "dividend." He received no payment, except that which was included in, and covered by his mechanic's lien. As used in the Bankruptcy Act, the word "dividends" applies only to the payment of the claims of general unsecured creditors, and not to secured creditors, except

as to the amount of the claim in excess of the security. Section 65a of the act reads: "Dividends of an equal percentum shall be declared and paid on all allowed claims, except such as have priority or are secured." *In re Hinckel Brewing Co.*, 124 Fed. 702, 704, after quoting the above section, it is said: "It follows that dividends are not allowed or paid on mortgages or fixed tax liens. These are the 'dividends,' and the only dividends mentioned or provided for in the bankruptcy act." And further in the same opinion, it is said: "The word 'dividends' used in the bankruptcy act, * * * means those sums paid to creditors who have provable and allowed claims, and does not include sums paid to satisfy fixed liens on real estate sold by the trustee or trustees, even when sold free and clear of all incumbrances, and the trustee or trustees pay and satisfy such liens from the proceeds of sale."

The facts, upon which the plea in abatement is based, are undisputed. The legal effect, to be applied to such facts, constitutes the controversy. Defendant in error has received in payment of its lien the exact amount thereof; has credited the judgment therewith and marked it "satisfied." It makes no difference that plaintiff in error, as he claims, "felt coerced into compliance." As said in *American Book Company v. State of Kansas, supra,* "A judgment usually has a coercive effect, and necessarily presents to the party against whom it is rendered the consideration whether it is better to comply or to continue the litigation. After compliance there is nothing to litigate." The claim that the payment was not voluntary is not tenable. Payment, under the circumstances of this case, is not payment under duress. The most that can be fairly claimed in that respect is, that the trustee, the court of bankruptcy, and the creditors, all found it to the advantage of the latter to segregate the bankrupt's estate from

that of the interest of others, or, in other words, to relieve that estate of a fixed lien thereon, to the end that the general creditors might presently receive that which was their due.

The judgment of the court below, having been complied with, leaves nothing to litigate in this court. The plea in abatement is, therefore, sustained, and the writ of error dismissed.                *Dismissed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE BAILEY concur.

Decided April 3, 1911; rehearing denied June 5, 1911.