[No. 6583.]

THE WOODMEN INVESTMENT ASSOCIATION v. GRAND JUNCTION ET AL.

WRIT OF ERROR—*Discontinuance*—Pending a writ of error, an event occurs which makes a determination of the cause unnecessary, or renders it impossible to grant effectual relief. The writ of error may be dismissed.

*Error to Mesa District Court*—Hon. SPRIGG SHACKLEFORD, Judge.

Mr. HENRY R. RHONE for plaintiff in error.

No appearance for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

On February 5th, 1908, by proceedings on *certiorari* the plaintiff in error, as relator, commenced this action in the lower court against the defendants in error, as respondents, to have declared null and void and of no effect, t woliquor licenses issued June 13th, 1907, and September 10th, 1907, to W. A. Lynch and Company for the sale of intoxicating liquors in the City of Grand Junction. The petition discloses that each license was for a period of six months, both of which have long since expired. The principal questions sought to be reviewed are questions of facts which may never arise again in a similar case; in any event no relief could be given to the plaintiff in error were a decision rendered in its favor. The licenses having long since expired, a trial to declare them null and void would accomplish nothing. A writ of error may be dismissed, if, pending a decision, an event occurs which makes a determination of it unnecessary, or renders it impossible for the courts to grant effectual relief.— *Knowles v. Harrington,* 45 Colo. 346; *State Equalization Board v. People,* 30 Colo. 271; *Floyd v. Cochran,* 24 Colo. 489; *Hunter v. Dickinson,* 3 Colo. App. 372; 3 Cyc. 188.

For these reasons this writ of error is dismissed.

*Dismissed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MUSSER concur.