## No. 9144.

### WOLFE, EXECUTOR *v.* BAUER ET AL.

1. *Appeal and Error—Practice—Dismissal of Writ of Error.*  Writ of Error may be dismissed if it appears that an event has occurred which renders a determination of the cause unnecessary, or effectual relief impossible.

2. *Admissions in Brief.*  It is sufficient that this situation appears by admissions in the brief of plaintiff in error.

*Error to Adams County Court, Hon. W. C. Hood, Jr., Judge.*

Writ of error dismissed.

Mr. JOHN R. SMITH and Mr. RICHARD WOLFE, for plaintiff in error.

Mr. WARWICK M. DOWNING, Mr. HUBERT D. WALDO, JR., and Mr. DOUGLAS A. ROLLER, for defendants in error.

BY the will of Miers Fisher, deceased, one Thomas Wolfe was appointed as executor of the estate of the former, and during all of the time involved in the instant case was acting as such executor.

On March 29, 1916, the probate court ordered that there should be appointed a co-executor of the estate, and on May 19, 1916 the court appointed one Melvin E. Bauer as such co-executor.

On January 13, 1917, on the petition of Melvin E. Bauer, co-executor, it was ordered by the court that Thomas Wolfe deliver to Bauer, as managing executor of the estate, the sole management of all the business of the estate, and the property, books, and papers pertaining thereto, and also to pay to Bauer, co-executor, certain items of credit claimed by Wolfe himself.   That order is now here for review.   Its validity is attacked on several grounds.

This court is advised from statements contained in the reply brief of the plaintiff in error, Thomas Wolfe, that since this case has been pending in this court, the co-executor, Melvin E. Bauer, has resigned his position as such co-executor.   Such statement is binding upon the

plaintiff in error, who makes the same, and it appears therefrom that any relief granted to plaintiff in error would be ineffectual, since in any event there is no longer any co-executor with whom Wolfe need act. A decision upon any of the various questions presented by the record would accomplish nothing of practical effect. A writ of error may be dismissed, if, pending a decision, an event occurs which makes a determination of it unnecessary, or renders it impossible for the courts to grant effectual relief. *Woodmen Association v. Grand Junction,* 51 Colo. 353, 117 Pac. 997.

For the above reasons the writ of error is dismissed.

Dismissed.

Chief Justice Garrigues and Mr. Justice Bailey concur.