No. 9333.

BUFFEHR ET AL. *v.* SENTER ET AL.

APPEAL AND ERROR—*Abatement.* Where, pending a writ of error, an event occurs which renders it impossible for the court of review to grant effectual relief, the writ of error will be discontinued.

Plaintiff held a lease and bond of mining property, providing that the lessee "may at any time within the life of this bond and lease purchase the property." The lease was by the lessee declared forfeited, and a new lease and bond executed to another. This action being held to be unauthorized, the original lessee, exercising his right under the option, purchased the property, and received the conveyance. This purchase and conveyance being pleaded, pending error to the decree, the writ was dismissed.

*Error to Summit District Court, Hon. Charles Cavender, Judge.*

Mr. JOHN R. SMITH, for plaintiffs in error.

Mr. S. R. ROBERTSON, Mr. N. WALTER DIXON, for defendants in error.

Opinion by Mr. Justice Allen:

THIS is an action wherein a decree was rendered, in the District Court of Summit County, against the plaintiffs in error, who seek a reversal or a modification of such decree. The defendants in error have filed a plea in bar, alleging certain facts for the purpose of showing that the reviewable questions presented by the record have become moot. It is this plea with which we are now concerned.

On July 20, 1916, Charles J. Senter, one of the defendants in error, was the owner, by location and possessory title, of two mining claims in Summit County, and on that day he gave a power of attorney to John Buffehr, one of the plaintiffs in error, authorizing the latter "to execute contracts of lease and option, or of bond and lease, and to sell the aforementioned mining claims."

On November 18, 1916, both Senter and Buffehr joined in an agreement or contract with The Pingrey Mines and Ore Reduction Company, the other defendant in error, by which agreement the mining claims were leased to the com-

pany, hereinafter called the Pingrey Company, for a term of two years and six months from that date. The agreement further provided that "the lessee may at any time within the life of this bond and lease purchase the property at and for the sum of $20,000."

On January 3, 1917, Buffehr, acting as attorney in fact for Senter, served upon the Pingrey Company, lessee, a notice of forfeiture of its lease. On the same day Buffehr executed a new lease of the mining claims in question to The Mineral Lands Financing Company, another of the plaintiffs in error, and hereinafter referred to as the Mineral Company. The term of the lease to the Mineral Company was for three years, beginning January 3, 1917. The lease contained an option to purchase, on terms similar to those contained in the lease to the Pingrey Company.

On March 9, 1917, Senter and the Pingrey Company brought this action against Buffehr and the Mineral Company for the purpose of establishing the claim or contention that the lease to the Pingrey Company had never been forfeited, but was and remained a valid lease; that the second lease was taken by the Mineral Company with knowledge of the existence of the first lease, and of the rights and equities of the Pingrey Company, and that it should, for that reason, be cancelled as being a cloud upon the title of the plaintiffs under their lease. The judgment or decree was for plaintiffs, and the defendants sued out a writ of error.

The decree provided, among other things, that the first lease, being the one given to the Pingrey Company, was a valid and existing lease. The decree, in this respect, follows the finding, made by the court, that there never had been a forfeiture of that lease. This finding, and the provision of the decree above mentioned, is not complained of by the plaintiffs in error.

The decree further provided that the second lease, being the lease executed by Buffehr to the Mineral Company, "was executed and delivered without lawful right or authority, and in fraud of the rights of the plaintiffs, and

that said lease and the record thereof    *    *    *    be, and the same is hereby set aside, annulled and cancelled." This is the part of the decree now complained of by the plaintiffs in error.

As showing what relief would be granted to the plaintiffs in error by a reversal of that part of the decree which they contend is erroneous, and how they are prejudiced by the decree as it now stands, we may take the following statement, contained in their brief, assuming but not conceding or deciding that the legal conclusions therein given are correct. Their statement, or brief in this connection, reads as follows:

"The second bond and lease extended for a considerable period beyond that of the first bond and lease. They were not concurrent, and there is in fact a considerable period of time when, if the first option of purchase is not exercised, or if the (first) lease and option is forfeited under its terms, the holders of the second lease and option would have an undisputed right to exercise their option of purchase, and to take possession of the property and work it, and it is unjust to the holders of the second lease to cancel it and declare it void, as was done by the court below in this case, and thus cut off rights granted, the exercise of which under those conditions would not affect the plaintiffs."

It is not disputed, and, moreover, it is apparent, under the facts disclosed by the record, that if in due time and in a proper manner the Pingrey Company should exercise its option to purchase, under the first lease, the Mineral Company would thereafter have no interest in the property. Such a situation has arisen, as shown by the plea in bar, which, in part, reads as follows:

"After the writ of error was sued out from this court in this case and on September 30, 1918, the defendant in error, The Pingrey Mines and Ore Reduction Company, exercised the option granted in the lease executed on the 3rd day of January, 1917, by defendant in error, Charles J. Senter and John Buffehr, as attorney in fact for said

Charles J. Senter, and paid to said Senter the full consideration named therein for the property therein described, and said Senter, on said September 30, 1918, executed to the defendant in error, The Pingrey Mines and Ore Reduction Company, a deed for said property, which said deed was duly recorded on the 7th day of October, 1918, in the office of the county clerk and ex officio recorder of Summit County, Colorado, in Book 60, at page 444, of said records."

The plea in bar is verified, and the facts therein alleged are in no manner disputed or controverted by the plaintiffs in error.

It is clearly apparent from the facts set forth in the plea that if the judgment or decree should be modified or reversed by this court, so as to hold or to adjudge the lease to the Mineral Company to be valid, such determination could avail nothing to the plaintiff in error, the Mineral Company, or to its successor, The Molybdenum Products Corporation, which was joined as a defendant below. A reversal of the decree, to the extent above mentioned, would not affect the decree in so far as it subordinates the Mineral Company's lease to that of the Pingrey Company, nor could such a reversal prevent the Pingrey Company, if it had not already done so, from exercising their option to purchase the property and thus bar the Mineral Company of all further interest in the subject matter of the controversy. The Pingrey Company having, as shown by the plea in bar, exercised their option to purchase, thus precluding the Mineral Company or its successor from ever acting under the second lease, even if it should be declared valid, there is nothing to litigate in this court. The plaintiff in error Buffehr appears to be but a nominal party and to have no substantial interest in this action. The instant case, in view of the circumstances above indicated, falls within the rule announced in *Hawthorne v. Hendrie, etc., Co.,* 50 Colo. 342, 346, 116 Pac. 122, where it is said:

"If, pending a review from a judgment of a lower court, an event intervenes which renders it impossible for the

appellate court to grant effectual relief, the court will not proceed to review the matter, but will dismiss the proceeding."

This rule was also announced in the recent case of *Wolfe v. Bauer,* 66 Colo. 153, 180 Pac. 86. The rule is not rendered inapplicable in the instant case merely because the event which caused the reviewable questions to become moot was brought about by the defendants in error. They did what it is conceded they had a right to do, and what they could have done even in the event that the decree should be reversed or modified according to the contentions of the plaintiffs in error.

The plea in bar is sustained, and the writ of error is dismissed.

*Dismissed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.