**COMPLETE AUTO TRANSIT, Incorporated, Appellant,**

v.

**LOUISVILLE & NASHVILLE RAILROAD CO., Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1954.

See also 259 S.W.2d 483.

James F. Clay, Phillip M. Lanier, Danville, R. W. Keenon, C. W. Swinford, Lexington, for appellant. .

Chenault Huguely, Pierce Lively, Joe G. Davis, Danville, C. S. Landrum, Lexington, for appellee. .

CLAY, Commissioner.

.This action comes before us on a motion to dismiss the appeal taken by the plaintiff from a judgment in his favor in a negligence suit. The claimed error is inadequacy of damages. We deem the matter of sufficient importance to write this opinion, stating the grounds upon which the motion to dismiss must be sustained. .

.The question presented is whether or not the acceptance of payment of a judgment in full by the plaintiff constitutes a waiver of his right to prosecute an appeal from that judgment.

On April 29, 1954, a $1200 judgment was entered upon the jury's verdict for the plaintiff in that amount. Thereafter a motion to amend and for a new trial was made, which suspended the effectiveness of the judgment. A timely notice of appeal was filed on June 25, 1954. On September 10 the defendant was advised by the plaintiff that an execution would be issued on the judgment unless it was paid. Thereafter on September 20 the defendant by check paid the amount of the judgment with interest thereon, which was accepted.

The long-established rule, in the absence of a statute, is that a party who voluntarily accepts the benefits of a judgment cannot prosecute an appeal to reverse it. 2 Am.Jur., Appeal and Error, Section 214. This is particularly true with respect to the acceptance of payment of a money judgment. 2 Am.Jur., Appeal and Error, Section 216. The soundness of the rule has been recognized by this Court in the cases of Paine v. Woolley, 80 Ky. 568, 4 Ky.Law Rep. 489, and Madden v. Madden, 169 Ky. 367, 183 S.W. 931, L.R.A.1916E, 892. The reason for the rule is thus stated in the former case, 80 Ky. at page 578:

"Whether the collection of the judgment amounts to an extinguishment of it, so that no appeal will lie, it is universally agreed by all the authorities that it is a waiver of the right to take the appeal, or to prosecute it after it may be taken. .

"The appellants having elected to collect their judgment, they thereby ratified it, and should be estopped from prosecuting this appeal any further as being inconsistent with their conduct in collecting the judgment as a valid judgment, which they now seek to have reversed as an illegal judgment.

"Such inconsistency and self-stultification is abhorrent to the law. It exhibits a disregard for the rights of the defendants. For the judgment must be either legal or erroneous.

"If legal, no appeal should have been prosecuted from it; if illegal, its collection ought not to have been enforced, but an appeal prosecuted to correct it. So the appellants are in this dilemma: they have wronged the appellees either by coercing full satisfaction of an unlawful judgment, or by appealing from a valid judgment. Therefore, if the collection of the judgment be right, the appeal must be wrong, and if the appeal is well taken, the judgment ought not to have been collected."

■ After that case was decided the legislature, in 1888, amended Section 757 of the former Civil Code to authorize the prosecution of an appeal when a party had recovered only part of the demand for which he sued, even though he had enforced the judgment. This provision of the Civil Code clearly changed the common-law rule. Combs v. Bates, 147 Ky. 849, 145 S.W. 759.

In 1952 the legislature repealed Section 757 of the Civil Code, effective July 1, 1953. Chapter 84, Acts of 1952. No similar provision was adopted by the Court of Appeals in the Kentucky Rules of Civil Procedure nor in the Rules of the Court of Appeals. It is therefore evident that the considerations existing prior to the enactment of the amendment to Section 757 are once more applicable.

■ It is our opinion that the general rule now recognized in so many other jurisdictions, as well as our own at an earlier date, is a sound one. As pointed out in the Paine case, from which we have quoted above, a party takes an indefensibly inconsistent position when he accepts the satisfaction of a money judgment and then appears before this Court asking that such judgment be reversed. The governing principle is one of waiver of the right of appeal,

although in certain cases there may be also elements of estoppel. It does not seem material whether the payment of the judgment is coerced by execution or simply accepted by the successful party, nor is it material whether the satisfaction of the judgment is accepted prior to or after the appeal is taken. Upon such acceptance the appealing party relinquishes his right to attack in this Court the correctness of the judgment.

For the reasons stated, the motion to dismiss the appeal is sustained and the appeal is dismissed.