No. 18,662.

HARRY ROYSTER *v.* JAMES F. ENGLISH.

(334 P. [2d] 733)

Decided January 26, 1959.

Mr. WALTER O. CASS, for plaintiff in error.

Mr. WILLIAM E. DOYLE, Mr. RICHARD J. BERNIK, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THE motion to dismiss writ of error, filed by English, on the ground that the controversy presented to this court has become, and is now, moot, should be granted. As ground for this motion English alleges — and supports it by a narration of events, record of proceedings, and an affidavit — that Royster and English have compromised and settled their differences.

All the matters set forth in support of the motion, excepting the negotiations for settlement, agreement of compromise and settlement, and the understanding of the parties at the time the money was paid to English, are admitted by Royster. English upholds his version of the disputed material by the affidavit of his attorney, a member of the Utah State Bar, who handled the matter with Royster and his attorney, Mr. Lewis, in Salt Lake City. This affidavit is not controverted by counter-affidavit, and its clear import is that the claim of English, together with other claims which English might have against Royster, was compromised and settled.

The facts furnishing predicate for the motion to dismiss the writ of error are simple. English obtained a judgment against Royster in the District Court of Denver in the sum of $17,100.00 on January 23, 1958, which judgment was stayed for a period of sixty days from February 3, 1958.

A motion for new trial or for a directed verdict was denied on March 19, 1958, and thereupon execution was further stayed for a period of sixty days. A motion seeking a stay of body execution filed May 16, 1958, was denied on May 19, 1958, and on the latter date proceedings in error were instituted in this court.

English resorted to execution process in Colorado but was unsuccessful in collecting his judgment, whereupon he brought suit in the District Court in Salt Lake County, Utah, the basis of such suit being the judgment ob-

tained in Colorado. A writ of attachment issued in the suit was successful in that it reached property of Royster in the First Security Bank, Salt Lake City, Utah. As a result of the proceedings in Utah, English collected on his judgment.

It appears from the affidavit, made in support of the allegation that the Colorado judgment had been compromised and settled, that Royster, through his Utah counsel (Mr. Lewis), offered to pay $17,250.00 in settlement of $17,590.65, the amount of the judgment together with accrued interest thereon; that the offer was accepted; that Royster and the parties' Utah counsel met with a Mr. Pike, representing the Utah bank, later in the day to effect a settlement; that Royster made it a condition of delivering a cashier's check to counsel for English that the Colorado judgment be fully satisfied and the case dismissed.

The "satisfaction of claim and dismissal" executed at the time of delivery of the check for $17,250.00 was filed with the court in Utah and recites that it "satisfies and discharges all his [English's] claims and demands against defendant [Royster] and dismisses" the action. Pursuant to the agreement the judgment of the Colorado court was satisfied, and English seeks now to have the proceeding here dismissed. Royster resists the motion for dismissal.

*Dakota County v. Glidden,* 113 U.S. 222, 28 L.Ed. 981, 5 S.Ct. 428, involved a problem very similar to the one this court is now called upon to resolve. That the controversy there had been compromised and settled, leaving nothing for the Supreme Court of the United States to decide, was presented by affidavits and transcripts from the county records (matters dehors the record of the court proceedings), all filed in support of the motion to dismiss the pending writ of error. In determining the propriety of considering these matters, the Supreme Court of the United States held that the neces-

sity of the case required that they be brought to the attention of the court in the manner pursued.

This court does not sit to render opinions on moot questions or abstract problems, and will dismiss a writ of error which calls for resolution of such academic issues. *Reserve Co. v. Frankfather,* 123 Colo. 77, 225 P. (2d) 1035, 39 A.L.R. (2d) 146; *Floyd v. Cochran,* 24 Colo. 489, 52 Pac. 676.

"It is not permitted to litigants to commence actions, take appeals, *settle their controversies* and then call upon the court to declare general principles, * * *, and determine rights which can only be of value to perhaps other pending or future litigation." (Emphasis supplied.) *Hunter v. Dickinson,* 3 Colo. App. 372, 33 Pac. 932.

Much more could be said, but we are satisfied that sufficient has been cited and discussed to show that the motion to dismiss should be granted. It is so ordered.

MR. JUSTICE DAY and MR. JUSTICE DOYLE not participating.