No. 20,769.

Belvie Wilson *v.* Automobile Owners Association
Insurance Company, et al.

(382 P. [2d] 815)

Decided June 10, 1963.

Mr. D. E. Johnson, for plaintiff in error.

Messrs. Phelps, Fonda, Hays & Wills, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

Two questions are presented by a motion to dismiss and briefs filed in support and in opposition thereto:

(1) Does Wilson's acceptance and satisfaction of the judgment rendered in the trial court preclude review by writ of error; and

(2) Can the matter be raised by Motion to Dismiss?

We conclude that the answers to both questions are in the affirmative.

The briefs and record before us disclose that Wilson, alleging she had suffered injuries in an automobile accident which rendered her totally disabled, sought to recover against defendants in error for certain monthly lifetime benefit payments allegedly due her under a health and accident policy. Defendants denied the disability, and liability under the policy; however, upon trial a jury granted Wilson recovery of $2300.00 plus interest and costs for her disability computed at the monthly rate and based upon conflicting evidence as to whether the injuries were temporary or permanent. It appears that thereafter Wilson filed her motion for new trial on all the issues followed by a "Supplemental Motion for New Trial," the latter on the grounds of inadequate damages and that the verdict was contrary to all the evidence produced at the trial. Her motion was denied and thereafter defendants in error paid into the Court Registry Fund $2707.55. Wilson accepted the amount paid on April 11, 1963, at which time one of her attorneys endorsed satisfaction in full upon the Judgment Docket. On April 29, 1963, Wilson caused this writ of error to issue seeking reversal as to the amount of damages awarded her. Defendants in error promptly filed a Motion to Dismiss to which both an answer and a reply have been filed along with the record of the proceedings.

In *4 Am. Jur. 2d, Appeal & Error,* 250, the applicable rule on acceptance of an award is set forth as follows:

"A party who accepts an award or legal advantage under any order, judgment, or decree, ordinarily waives his right to any such review of the adjudication as may again put in issue his right to the benefit which he has accepted. * * * unless the decree is such or the circumstances such that there is no inconsistency between such enforcement and the appeal."

To the same effect are the following authorities: 4 C.J.S. *Appeal & Error* 215; *Complete Auto Transit v. Louisville & Nashville R. R.,* (Ky.) 273 S.W. (2d) 385, 387 (1954); and *Colquette v. Crossett Lumber Co.,* 149 F. (2d) 116 (8th Cir. 1945).

In 169 A.L.R. 985, et seq., appears a lengthy annotation on this subject which refines the general rule to be in substance that: a party who accepts an award or legal advantage under an order or judgment waives his right to any such review of the adjudication as may again put in issue his right to the benefit which he has accepted. In other words, it is the possibility that his appeal may lead to a result showing that he is not entitled to what he has received under the judgment appealed from, that defeats his right to prosecute a writ of error. Numerous decisions from many jurisdictions are cited in support of this proposition.

Wilson acknowledges the general rule but states, however, that her writ of error falls within one of the exceptions recognized in several jurisdictions. (See 169 A.L.R. 985 at 988 for example.) She contends that defendants in error by paying the award and not seeking relief from the judgment against them have acknowledged liability and that the jury award is owed; therefore she has a right to seek review of her claimed right to a larger sum because to do so "does not place in jeopardy * * * (the) right to the amount awarded * * * ."

434

We find this contention untenable under the facts presented. Wilson was not entitled to any fixed sum until the jury verdict followed by the judgment. Here no sum was irrevocably conceded by defendants in error as due Wilson before or during the trial, and mere payment after trial of a judgment does not put it in such a class. Obviously defendants in error could have sought reversal of the judgment prior to paying the money into the Registry Fund, in such a case issues could have been raised by them as to both liability and amount. Wilson might then have been found to be not entitled to any award, or to a lesser sum. And, since this was a single claim with a single judgment, this court could on review by writ of error prosecuted by her, affirm or reverse and remand the action for a new trial on all matters or on damages alone, as might be warranted.

We conclude that all the rights of the parties were determined in the trial court. We also conclude that Wilson, by voluntarily accepting the sum awarded her, is estopped by her own conduct from claiming any right to relief by writ of error.

We turn next to the procedural point involved as to whether a motion to dismiss is proper here.

This method was followed in *Royster v. English,* 138 Colo. 428, 334 P. (2d) 733 (1959) and in *Complete Automobile Transit,* supra, a motion to dismiss was sustained and the appeal dismissed where the question of damages alone was sought to be reviewed, the award having been theretofore paid.

In *Atkinson, et al., v. Tabor, et al.,* 7 Colo. 195, 3 Pac. 64 (1884) it was stated:

"Matters may occur subsequent to judgment which operate to waive the right of a party to have the judgment reviewed on appeal, or upon writ of error. When such matters appear of record, the objection is properly raised by a motion to dismiss; but when they do not so appear, the objection must be raised by a plea in bar of the proceedings in error."

■ The same rule was again cited in *Burns v. National Co.*, 47 Colo. 557, 108 Pac. 330 (1910). In both of those cases, however, motions to dismiss were denied because matters relied on in support of the motions did not appear of record. In the instant case the record and briefs disclose the verdict and the sum paid and received. The only claim of right to review by writ of error is based on an asserted exception to the general rule. In such a situation the motion to dismiss is proper where, as here, plaintiff in error has waived her right to review and is estopped to assert it.

The writ of error is dismissed.