*TRUSTEES OF THE UNIVERSITY v. THE NORTH CAROLINA RAIL ROAD COMPANY.

*Statute — Conflict of, with Constitution.*

1. The provisions of Ch. 236, Laws 1874–'5, which enacts "that all dividends heretofore declared or which shall hereafter be declared by any corporation, company or association, whether chartered or not, which shall not be recovered or claimed by suit by the parties entitled thereto for five years after the same were or shall be declared, shall be paid by the corporations, &c., to the Trustees of the University," are in conflict with article IX, § 6, of the Constitution.

2. The word "dividend" as used in that section of the Constitution is synonymous with "distributive shares" and is used as a convertible term meaning the same thing, viz : "dividends or distributive shares of the estates of deceased persons."

(*University* v. *Maultsby* 8 Ire. Eq. 257, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of ALAMANCE Superior Court, before *Kerr, J.*

The plaintiffs alleged, that they were entitled to all the dividends declared by any corporation chartered under the laws of this State, which have not been recovered or claimed by the parties entitled thereto, for five years after said dividends were declared, by virtue of the provisions of Chapter 236, Laws 1874–'5 ; that the defendant company had, at divers times, declared dividends to its stockholders, which dividends have remained unpaid for more than five years, for the reason, that they have not been received or claimed by the parties entitled thereto ; and demanded judgment for an account of the dividends declared and unclaimed as aforesaid, to the end that the amount ascertained might be paid to the plaintiffs.

*Faircloth J. being a Stockholder in defendant Company did not sit at the hearing of this case.

The defendant demurred to the complaint and assigned as cause:

1. That according to the true intent and meaning of Art. IX, § 6, of the Constitution, a cause of action may be given for dividends or distributive shares of the estates of deceased persons, but not against the defendant.

2. That the Act of Assembly referred to in the complaint is unconstitutional and inoperative, so far as it purports to give to plaintiffs a right to claim dividends declared to stockholders

3. That the defendant company has the right to declare dividends, and the stockholders to receive the same when they see fit, and it is beyond the power of the Legislature to invade this private right by an enactment.

His Honor sustained the demurrer and dismissed the action. Judgment in favor of defendant for costs. Appeal by plaintiffs.

*Messrs. Battle & Mordecai,* for plaintiffs.
*Messrs. Dillard & Gilmer,* for defendant.

Bynum, J. The Constitution of the State, Art. IX, § 6, declares " that all the property which has heretofore accrued to the State, or shall hereafter accrue from escheats, unclaimed dividends, or distributive shares of the estates of deceased persons, shall be appropriated to the use of the University."

Purporting to carry into effect this constitutional provision, the Legislature, by an Act ratified the 22nd of March, 1875, enacted : "That all dividends heretofore declared, or which shall hereafter be declared, by any corporation, company or association, whether chartered or not, which shall not be recovered or claimed by suit, by the parties entitled thereto, for five years after the same were or shall be declared," shall be paid by the corporations, &c., to the Trus-

tees of the University of North Carolina ; and they are authorized to sue for and collect the dividends and hold them without liability for profit or interest; and if no claim is preferred within ten years, then to hold the same absolutely.

The question presented is, whether the provisions of the Act are warranted by Art. IX, § 6, of the Constitution, which we have cited. We do not think they are. "Divide..ds" is a word of very general and indefinite meaning. It has, in law, no particular and technical signification. As it is used in the Constitution we think it is synonymous with " distributive shares,' and used as a convertible term, meaning the same thing, to-wit, "dividends or distributive shares of the estates of deceased persons." It is true, the punctuation of a comma after the word " dividends," as the section is presented, would seem to favor the plaintiff's construction, but when, by disregarding this punctuation a construction is given to the Constitution, which makes it consistent with its other parts, and those great rights it is intended to secure the Courts cannot hesitate to adopt that course. Cooley, 171. Unless the word " dividend" is restricted by its context to a particular subject, it will apply to and embrace many other estates and interests, with as much propriety as those of corporations and companies, but which were certainly not supposed to fall within its scope and operation ; as for example, the dividends of a bankrupt's estate, and dividends to be paid by the more to the less valuable shares in proceedings in partition. Bat. Rev., ch. 84, § 5. Such a general and questionable application of the term, we think, was not designed by the framers of the Constitution.

It has been heretofore decided that the University is a public institution and body politic, founded by the State on the public funds and for a general public charity ; and that an administrator is an officer appointed by the State, in the exercise of a political trust, to take charge of dead men's es-

tates; and that getting his office and the possession of the assets from public authority, he must execute the office and account for and deposit the property, under the direction of the law. It is therefore held to be competent for the Legislature to enact, that an administrator should, after a reasonable time, pay an unclaimed surplus of the estate, either to the University or other person charged by law with the keeping the same, for the benefit of creditors and next of kin. It is merely changing the fund from one agency of the State to another without changing the trust. *University* v. *Maultsby*, 8 Ire. Eq. 257.

But assuming that the State may, in analogy to the power it originally possessed in England, dispose of the surplus of a deceased person's estate, after the payment of his debts, by first transferring the custody and use of it to the University, and finally the absolute property, we know of no principle or authority which extends that doctrine to the estates of living persons or existing private corporations. A dividend declared by and due from a private corporation is a debt due to the share holder and is recoverable as such. If A owes a debt to B, and the Legislature should enact, that if B fails to recover or sue for it within five years, the debt shall be taken from B and given to C, it will scarcely be denied that this would be confiscation and prohibited by the § 17, Art. 1, of the Constitution. The contention of the plaintiff is not against an administrator for a surplus of a dead man's estate unclaimed in his hands, but it is against a corporation, to recover a debt which that corporation owes to a living man, the owner of the dividend, who sees fit not to pursue his debtor for the present. But if the legislative Act is based upon the presumption, that the owner of the dividend has died, leaving no claimant to his property. it does not help the plaintiff's case, for in that event, the debt or dividend must devolve upon a legal representative and be disposed of in the due course of administration, first to

creditors, and then to the next of kin. In *Williamson* v. *Leland*, 2 Pet. 657, the Court said: "We know of no case in which a legislative Act to transfer the property from A to B without his consent, has ever been held a constitutional exercise of the legislative power in any State in the Union. On the contrary, it has been constantly resisted as inconsistent with just principles, by every judicial tribunal in which it has been attempted to be enforced." *Ferrett* v. *Taylor*, 9 Cranch, 43. Cooley on Const. Lim. 165–'6.

The counsel for the plaintiff endeavored to support their case, by drawing an analogy between the operation of the statute of limitations and the Act under which they claim. The analogy fails them. The statute of limitations bars the remedy only, and the debtor retains the possession of his property. But the Act under review, not only bars the creditor of his right of recovery, but takes from him his property, transfers it to another and enables that other to recover and own it. The creditor not only loses his property, but by the magic of this Act and without consideration received, it is vested absolutely in another—it matters not whether that other is the State or its appointee.

But again: the defendant is a chartered corporation, founded by individuals on their own funds and for their own emolument. The government of the corporation is fixed by the charter and is unalterable except by its own consent. Its property also is as secure as that of the individual citizen. Whatever advantages it has obtained by the grant of the State, they are exclusive to the corporation. *University* v. *Maultsby*, 8 Ire. Eq. 257. All contracts between the corporation itself and the Stockholders, which are made pursuant to the charter, are equally inviolable. So whether we consider the corporation as a trustee for the dividend holder, as was insisted by the plaintiff, or as a debtor to the share holder for the dividend declared, both relations between the parties are the result of contract, and the State is

inhibited from stepping between the corporation and its Stockholders and changing or modifying these contract relations between them, or between the State and the corporation, without their concurrence. 4 Wheat. 518; 6 How. 310; 8 How. 133. Cooley on Const. Lim. 126–'7.

What claims, if any, the defendant corporation may have upon the unclaimed dividends of its Stockholders, depends upon the provisions of its charter and its by-laws. However that may be, forfeitures of rights and property cannot be adjudged by legislative act; and confiscations, without a judicial hearing, after due notice to the party to be affected, would be void, as not being by due process of law. In the case before us, the owners of the unclaimed dividends are not parties to the action, and parties cannot, even by their misconduct, so forfeit their rights, that they may be taken from them without judicial proceedings in which the forfeiture shall be declared in due form. Cooley on Const. Lim. 363. So, whether we view the Act of the Legislature in the light of the Constitution of the United States as impairing the obligation of a contract, or in the light of our State Constitution, as conflicting with the provision which declares, that no person shall be disseized or deprived of his property but by the law of the land, or whether it be considered in the light of plain and obvious principles of common right and common reason, we cannot find sufficient support to authorize the Court to declare it to be a valid and subsisting law. It was based upon a misapprehension of the proper construction of Art. IX. § 6, of the Constitution.

There is no error.

PER CURIAM.                                    Judgment affirmed.