In re FT. WAYNE ELECTRIC CORP.

(District Court, D. Indiana. May 16, 1899.)

No. 7.

1. BANKRUPTCY—COMMISSIONS OF REFEREE—DIVIDENDS.

A referee in bankruptcy is not entitled to receive commissions on partial payments made by the estate in bankruptcy on the claims of secured creditors; such payments not being "dividends," within the meaning of the law, and the referee not performing any of the services required of him by law in the declaration and distribution of dividends.

2. SAME.

Where the property of a bankrupt corporation, sold by order of the court, was bought by a lien creditor, who paid part of the price in bonds of the corporation held by him, and the balance in cash, held, that crediting the purchaser with the amount of such bonds was not the declaration and payment of a dividend in his favor, so as to entitle the referee to receive the percentage allowed him by the bankruptcy law "on sums to be paid as dividends and commissions," but was the payment pro rata of a secured claim.

In Bankruptcy. Augustus A. Chapin, referee in bankruptcy, presents his petition, showing that on the 18th day of April, 1899, Samuel L. Morris and Charles H. Worden, as receivers of this court, sold

the entire property of the bankrupt corporation for $356,000; that they received in payment therefor the sum of $185,000 in the bonds of said corporation, which were held by the purchaser, the General Electric Company, and $171,400 in money; and the referee claims that the receipt of said sum in bonds was a dividend paid on a preferred claim, and that he is entitled to 1 per cent. thereon, as his commission, under the bankruptcy law.

BAKER, District Judge. It does not appear from the petition of the referee that any services were rendered by him in the declaration and payment of any dividend herein. He is allowed by the bankruptcy law "from estates which have been administered before him one per centum on all sums to be paid as dividends and commissions." 30 Stat. 556, § 40, subd. a. In section 39, subd. a, he is required to "declare dividends, and prepare and deliver to trustees dividend sheets showing the dividends declared and to whom payable." Id. 555. These services involve a computation of the per centum to which the creditors are entitled, and a computation of the amount to which each creditor is entitled according to such per centum. He is also required by rules of the supreme court and this court to countersign all checks for dividends, and other payments by the trustee. None of these services has been performed by the referee in this case. The "dividend" which is claimed to have been paid in this case was really a payment pro rata on a secured claim. Such a payment is expressly excepted from the definition of a dividend, as it is furnished by the bankruptcy law. The law provides that "dividends of an equal per centum shall be declared and paid on all allowed claims except such as have priority or are secured." 30 Stat. 563, § 65, subd. a. It also provides that "the value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance." In other words, "dividends," within the meaning of the law, are not declared and paid on secured claims. A dividend, within the meaning of the law, is declared and paid on unsecured claims only. It follows that the petition of the referee must be disallowed. So ordered.