### In re HINCKEL BREWING CO.

(District Court, N. D. New York. July 16, 1903.)

1. BANKRUPTCY—REFEREE—RECEIVER—COMPENSATION.

Bankr. Act July 1, 1898, c. 541, §§ 40, 48a, 30 Stat. 556, 557 [U. S. Comp. St. 1901, pp. 3436, 3439], prior to its amendment, provided that referees should be entitled, as compensation, to a fee of $10 and to 1 per cent. commissions on sums to be paid "as dividends and commissions," or one-half of 1 per cent. on the amount to be paid to creditors on confirmation of a composition. Section 40 declared that trustees should be entitled to receive a fee of $5 and such commissions on sums to be paid as dividends and commissions as should be allowed by the courts, etc. *Held*, that the word "dividends" included only such sums as were paid to creditors who had provable and allowed claims, and did not include sums paid by the trustee to satisfy fixed liens on real estate sold by him, though the property was sold free of all incumbrances, and the trustee paid such liens from the proceeds of the sale.

Appeal from decision of referee allowing commissions to the trustees and referee on the amount of a mortgage and certain tax liens, water rent and assessment liens on real property sold by the trustees pursuant to the order of the court, the sale having been made free and clear of all incumbrances.

James J. Farren, for creditors.
John A. Delehanty, for trustees.

RAY, District Judge. The bankrupt, Hinckel Brewing Company, owned a large brewery plant, which at the time of the bankruptcy was subject to the lien of a mortgage on which was due, when paid, the sum of $108,850, and also to the lien of taxes, water rents, and assessments due the city of Albany, amounting to the sum of $13,-826.53. An attempted foreclosure of such mortgage was restrained by this court. March 17, 1903, the property was sold pursuant to an

order of this court for the sum of $280,150. There was no dispute or contention as to the amount or validity of such liens. The order directing the sale contained this provision:

"Fifth. All mortgages, mechanics' liens, taxes, assessments and other incumbrances will be allowed by the said trustees out of the purchase money, provided the purchaser shall, previous to the delivery of the deed, present to the trustees proofs of the existence of such liens at the time of the sale, and duplicate receipts for the payment and satisfaction thereof."

The purchaser did not comply with this provision, but paid the entire purchase money to the trustees, who computed the amounts of such liens, and paid them. These liens were not proved or allowed as claims against the estate.

The sole question is whether or not the referee and trustees are entitled to commissions on the amount of these liens. Sections 40a and 48a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 556, 557 [U. S. Comp. St. 1901, pp. 3436, 3439]) before the amendment of February 5, 1903, c. 487, 32 Stat. 797, read as follows, viz.:

"Sec. 40. Compensation of Referees.—(a) Referees shall receive as full compensation for their services, payable after they are rendered, a fee of ten dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and from estates which have been administered before them one per centum commissions on sums to be paid as dividends and commissions, or one half of one per centum on the amount to be paid to creditors upon the confirmation of a composition."

"Sec. 48. Compensation of Trustees.—(a) Trustees shall receive, as full compensation for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and from estates which they have administered, such commissions on sums to be paid as dividends and commissions as may be allowed by the courts, not to exceed three per centum on the first five thousand dollars or less, two per centum on the second five thousand dollars or part thereof, and one per centum on such sums in excess of ten thousand dollars."

What is the meaning of the words "on sums to be paid as dividends and commissions"? They are evidently used restrictively in the act, otherwise the law would have read "on all moneys belonging to the estate received and paid out," or equivalent words. The act contains no definition of the word "dividends," and hence we must give that word the ordinary meaning when used in a statute having regard to the whole act. Says Abbott's Law Dic. vol. 1, pp. 393, 394:

"Dividend. * * * (2) In bankruptcy or insolvency practice to denote assets as apportioned among creditors. * * * Dividend does not necessarily imply a pro rata distribution. Hall v. Kellogg, 12 N. Y. 325, 335. * * * Dividend is a word of very general and indefinite meaning. It has not, in law, any particular and technical signification."

See University v. N. C. R. Co., 76 N. C. 103 (22 Am. Rep. 671). Says Wharton's Law Dic. p. 306:

"Dividend—A share, the part allotted in division; the interest paid on the public funds; the division of a bankrupt's or insolvent's effects."

Says Century Dictionary:

"Dividend—A sum to be divided into equal parts, or one to be distributed proportionately. * * * A sum out of an insolvent estate to be divided

among its creditors.   (2) The share of one of the individuals among whom a sum is to be divided;  a share or portion."

And so we might go on with dictionary definitions without being much the wiser as to the exact meaning of the words used in the act.

By sections 56b and 57e of the act, secured creditors can vote at meetings of creditors or have their claims counted when computing the number of creditors or the amount of their claims only when the claims exceed the value of the securities or priorities, and then only for the excess.   Section 65a says, "Dividends of an equal per centum shall be declared and paid on all allowed claims except such as have priority or are secured."   It follows that dividends are not allowed or paid on mortgages or fixed tax liens.   These are the "dividends," and the only dividends, mentioned or provided for in the bankruptcy act, and hence the only "dividends" on which the trustee or referee is entitled to commissions.   It is presumed that when the lawmaking body provided for commissions to these officers on "dividends," it intended commissions on such "dividends" as are provided for and allowed by law.   In Re Utt, 5 Am. Bankr. R. 387, 105 Fed. 754, 45 C. C. A. 32, the question was decided, and the Circuit Court of Appeals, Seventh Circuit, held that commissions cannot be allowed the referee or trustee on such claims when paid by the trustee. See, also, In re Ft. Wayne Electric Corp. (D. C.) 94 Fed. 109; In re Fielding (D. C.) 96 Fed. 800;  In re Barber (D. C.) 97 Fed. 547;  In re Sabine (D. C.) 1 Am. Bankr. R. 321.

This court is of the opinion that the word "dividends" used in the bankruptcy act of 1898 (before amendment of 1903) means those sums paid to creditors who have provable and allowed claims, and does not include sums paid to satisfy fixed liens on real estate sold by the trustee or trustees, even when sold free and clear of all incumbrances, and the trustee or trustees pay and satisfy such liens from the proceeds of sale.   The whole act taken together warrants no other construction.   True, the amounts paid to satisfy these liens on this real estate were sums paid to creditors by the trustees from moneys coming lawfully into their hands, but those preferred and secured creditors were not of the class on whose claims "dividends" could be declared or paid unless the security was less than the debt or claim.   In the case at bar there was full security for the secured debts and full payment.   The sums paid over were charged with the lien of the mortgage, taxes, etc., respectively, and paid for that reason, the lien following the proceeds of sale, not on or because of a provable and allowed claim on which only "dividends" (in the sense of the act) could be declared or paid.   There is nothing in the act itself to indicate that the word "dividends" is used in different senses in different sections or clauses of the act.   Congress, by amending sections 40 and 48 so as to give commissions to trustees "on all moneys disbursed by them," and commissions to referees "on all moneys disbursed to creditors by the trustee," has settled a disputed question, but in so doing did not necessarily declare a construction of the law as it read prior to such amendment.

· Notwithstanding the reasoning of some of the cases in the District Court, this court is decidedly of the opinion, for the reasons stated,

that the referee and trustees are not entitled to commissions on the sums paid in satisfaction of the mortgage, tax, and assessment liens mentioned.

The order of the referee, dated June 23, 1903, fixing the compensation of the trustees, referee, and appraisers herein, is therefore reversed, and set aside, with directions to allow commissions to the trustees and referee on the sums received and disbursed by the trustees, less, or after deducting, the said sums paid in satisfaction of said mortgage, tax, water rent, and assessment liens before mentioned.

So ordered.