## In re RAABE, GLISSMAN & CO., Inc.

### No. 32209.

District Court, S. D. New York.

March 25, 1947.

Bernard Cowen, of New York City, for Chas. Ehlerman, creditor.

John F. X. McGohey, of New York City, U. S. Atty. for the Southern Dist. of New York, for the United States.

Nathaniel L. Goldstein, Atty. Gen. of the State of New York, for the State of New York.

LEIBELL, District Judge.

On September 13, 1945 the State of New York brought a proceeding by petition in the Supreme Court of New York State pursuant to Sections 1200–1202, New York Abandoned Property Law, Consol.Laws, c. 1, for an order of escheat with respect to certain funds consisting of uncollected dividends in bankruptcy proceedings paid into the United States District Court for the Southern District of New York. Among such funds was the sum of $689.75 deposited to the credit of the estate herein. Service of the notice of the proceeding in the State Supreme Court was made upon all the unknown owners and claimants to the funds by publication, in accordance with the law of the State. Thereafter on April 3, 1946 one Hermann Schlumbohm petitioned this court for a disbursement of the unclaimed funds held in the United States Treasury to the credit of this bankrupt estate, pursuant to Section 66(b) of the Bankruptcy Act, 11 U.S.C.A. § 106(b), and Sec. 852 of Title 28 U.S.C.A.; and on May 20, 1946 an order of reference was entered to take proof and report to the court on the interest of the petitioner and any other proved creditor of the bankrupt appearing in and becoming a party to the petitioner's proceeding.

The petitioner, Schlumbohm, had noticed his appearance. in the escheat proceedings in the state court and the proposed order submitted therein provided for the severance from the judgment of escheat of all those funds to which claim had been made in this court by persons claiming to be interested therein as creditors of the respective bankruptcy estates, or who had filed a notice of appearance in the state court proceeding.

Thereafter on July 8, 1946 a hearing was held before a Special Master, Hon. Peter B. Olney, Jr. (an official referee),

notice of which was given to the United States Attorney for the Southern District of New York and the Attorney General of the State of New York. At that hearing a proved creditor, Charles Ehlerman appeared therein, and upon a determination that the petitioner Schlumbohm did not file a proof of debt in the original bankruptcy proceeding and was not a proved creditor of the bankrupt, it was found by the Special Master that Charles Ehlerman was entitled to the sum of $689.75 on deposit in the Treasury of the United States to the credit of the bankrupt estate herein. Ehlerman had filed a proof of claim in the original bankruptcy proceeding.

Thereafter an application was made for approval of the Special Master's report and an order was entered in that proceeding on November 21, 1946 directing that the matter be returned to the Special Master to inquire into and report on, among other things, the right of the creditor Ehlerman to intervene in the proceedings instituted by Schlumbohm, an unqualified claimant, and the rights of other parties to the fund. A hearing was held thereon on February 24, 1947 after notice thereof to the United States Attorney for the Southern District of New York and the Attorney General of the State of New York. Notice of this hearing was also given by publication to all persons interested in the estate as proved creditors who had not received payment of their claims in full. The report of the Special Master, dated March 11, 1947, found that Ehlerman had the right to intervene in the proceeding even though it had been instituted by one not qualified to do so; that the State of New York had no right to the fund in issue; and that the creditor Ehlerman was entitled to the unclaimed dividends in issue. There was no other claimant.

Under Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, an intervenor in an action or proceeding is, for all intents and purposes, an original party. The joinder of Ehlerman in the proceedings was proper under Rule 24 and would permit the court to retain jurisdiction thereof and pass upon his claim even though the orig-

inal petitioner was not a qualified claimant. Rule 21, Federal Rules of Civil Procedure; Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95.

The funds in question had been deposited with the United States Treasury pursuant to 28 U.S.C.A. § 852 and the petitioner's remedy is found in that section. With respect to such funds it provides: "Any person * * * entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant * * *."

It has been held that by virtue of this statute the District Court has full power to order payment of any funds from a bankrupt estate deposited in the Treasury upon compliance with the provisions thereof. In re MacMasters, D.C.S.D.N.Y. 1945, 60 F.Supp. 733. A petition has been presented therefor and notice has been given to the United States Attorney. The final requirement of "full proof of right thereto" can be adjudged fulfilled only by reference to Section 66(b) of the Bankruptcy Act, 11 U.S.C.A. § 106(b). That section provides: "Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt."

The court in Re Gubelman, 2 Cir., 1935, 79 F.2d 976, 977, discussed the meaning and application of Section 66 of the Bankruptcy Act and observed: "Section 66b (11 U.S.C.A. § 106(b)) does not declare on whose motion dividends are to be distributed, and in many cases the trustee will have been discharged. Perhaps the court can distribute sua sponte; perhaps a single creditor may move for itself and for all others; but, since distribution will ordinarily involve substantial clerical work, practically it is not likely that any one will get his share who does not move."

The language of the statute indicates that the disbursement of funds thereunder is distribution to creditors of unclaimed

dividends. Such phraseology does not indicate that the distribution is to be made to a single creditor but rather on a pro rata basis to all creditors. See In re Fielding, D.C.Mo.1899, 96 F. 800. However, if the statute is so construed the funds may remain on deposit in the face of a court's inability to distribute them because of lack of diligence on the part of some creditors. It was obviously the intention of the statute to effect a liquidation of these unclaimed funds through distribution to the diligent creditors whose claims had not been paid in full. This intention would be defeated if it were necessary to wait upon the intervention of all creditors. In the instant proceeding an opportunity to intervene was afforded by publication of notice of the hearing.

In view of these circumstances and the language of the Court in Re Gubelman, supra, I am obliged to follow the course outlined in the MacMasters case, and allow the petitioner Ehlerman's claim, all other parties being in default. The report of the Special Master is therefore confirmed.