UNITED STATES of America for the Use
of James R. SODA, Plaintiff,

v.

Charles B. MONTGOMERY d.b.a. Montgomery Construction Company; U. S. Fidelity & Guarantee Co., Defendants.

Civ. A. No. 5096.

United States District Court
M. D. Pennsylvania.
Feb. 27, 1959.

Cailor & Cailor, Youngstown, Ohio, John H. Bream, Harrisburg, Pa., for plaintiff.

Wherry & Ketler, Grove City, Pa., John R. Lenahan, Scranton, Pa., for defendants.

FOLLMER, District Judge.

The facts involved in this action under the "Miller Act" by plaintiff, Soda, as the owner of certain excavation equipment against Montgomery as a prime contractor on a contract with the United States for government construction work, are set forth in this Court's original Findings of Fact (152 F.Supp. 309) and the Opinion of the Court of Appeals (3 Cir., 253 F.2d 509). The proceedings are before us now on remand.

Section 2(b) of the Miller Act, 40 U.S.C.A. § 270b provides that "(b) * * * no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. * * *"

Although during the trial defendant did not indicate that he considered the action improperly brought, he did raise this issue on appeal. The Court of Appeals said: (253 F.2d 509, 512, 513)

"Appellant argues that the Act time limit for starting litigation under it is really a condition precedent. We are inclined to agree. * * * We therefore consider

that, despite the unmistakable attitude taken at the trial by the defense, it must be established that suit was commenced within the Act's restrictive period.

\* \* \* \* \* \*

"Had the statute of limitations defense been raised at the trial, authoritative information might have been produced to fix the true final settlement date of the contract. Undoubtedly that type of dispositive evidence is obtainable.

"In the circumstances, the judgment of the district court will be vacated and the cause remanded for further proceedings in accordance with this opinion."

Hearings were accordingly held.

Defendant nimbly changed his position from a contention that suit was filed too late, to the contention that suit was filed too soon. A duly authenticated copy of the certificate of the General Accounting Office establishing May 6, 1954 as the final settlement date having been introduced by plaintiff, the position of defendant, predicated upon United States for Use of Bangor Roofing & Sheet Metal Co. v. T. W. Cunningham, Inc., D.C.Me., 141 F.Supp. 205, was that the burden of showing the certificate to have been arrived at free of fraud, and supported by substantial evidence, was upon plaintiff. It was subsequently ascertained that the Court of Appeals had reversed in Peerless Casualty Company v. United States, 1 Cir., 241 F.2d 811. The court there pointed out that 40 U.S.C.A. § 270c provides that the settlement date by the Comptroller General "shall be conclusive as to such date upon the parties" and could be attacked only on the basis of fraud or such gross mistake as would imply bad faith.

Out of abundant caution a second hearing was granted. At this hearing plaintiff, in order to forestall any further delays, produced a representative of the General Accounting Office. Not only was defendant unable to establish fraud or such gross mistakes as would imply bad faith, but, on the contrary, it affirmatively appeared that the determination of May 6, 1954 as the final settlement date was amply sustained by substantial evidence.

Accordingly, this Court now makes the following

Findings of Fact

1–19. The Findings of Fact Nos. 1 to 19, inc., entered by this Court on May 6, 1958 are reincorporated here in *toto* (See United States for Use of Soda v. Montgomery, D.C.M.D.Pa., 152 F.Supp. 309).

20. The provisions of the Miller Act that suit must be brought within one year after the date of final settlement of the contract (40 U.S.C.A. § 270b) and that this date, as certified by the Comptroller General is conclusive upon the parties (40 U.S.C.A. § 270c) were enacted and became effective August 24, 1935.

21. The contract herein was executed between Montgomery Construction Company and the United States of America on June 30, 1952, and the bond was executed on the same date by Montgomery Construction Company and the United States Fidelity & Guarantee Company.

22. The "Date of Final Settlement" of the contract in this case was officially determined and certified by the Comptroller General to be May 6, 1954.

23. The present action was commenced on October 28, 1954.

24. The determination of the Comptroller General was totally devoid of any suspicion of fraud or gross mistake such as would imply bad faith and was in fact amply supported by substantial evidence.

Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter pursuant to the provisions of 40 U.S.C.A. § 270b.

2. The contractor, Charles B. Montgomery, having entered into the contract on June 30, 1952, was and is bound by the provisions of the Miller Act, 40 U.S.C.A. §§ 270a, 270b, and 270c, which became effective prior to that date, to wit: August 24, 1935.

3. The Certificate of Final Settlement, plaintiff's Exhibit No. 3, showing date of final settlement to be May 6, 1954, is final and conclusive as to such date upon the parties.

4. The Complaint being filed herein on October 28, 1954, was within the statutory period of one year from May 6, 1954, and, therefore, within the time as provided for in 40 U.S.C.A. §§ 270a, 270b, and 270c, known as the Miller Act.

5. Charles B. Montgomery having failed to comply with the conditions upon which the offer of a $3,000 discount by James R. Soda was predicated, is not entitled to the benefit thereof.

6. James R. Soda is entitled to recover the full unpaid balance of $13,-871.41 with interest from November 15, 1953.

Judgment will be entered accordingly.