**UNITED STATES of America for the Use of WARD CONSTRUCTION SERVICE, INC., Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, and Traylor Brothers, Inc., Defendants.**

**No. 927.**

United States District Court
E. D. Kentucky,
Covington Division.

Dec. 29, 1960.

---

Leonard A. Weakley, Cincinnati, Ohio, Charles J. Schear, Newport, Ky., for plaintiff.

John E. Early, Evansville, Ind., Joseph J. Leary, Frankfort, Ky., for defendants.

SWINFORD, District Judge.

This is a civil action brought pursuant to the Act of Congress of August 24, 1935 and known as the Miller Act (40 U.S.C.A. § 270a et seq.).

The record is before the court on the motion of Ward Construction Service, Inc., to intervene as a plaintiff, and on the motion of the defendant, Traylor Brothers, Inc., for a summary judgment.

Rule 24, Rules of Civil Procedure, 28 U.S.C.A., is not intended to permit persons who are already before the court to file additional petitions in which they claim certain statutory or common law rights. The petitioner is already before the court and whatever claim it may have must be considered in the action which it initially filed. None of the five categories for either intervention of right or permissive intervention, set forth in sub-sections (a) and (b) of the rule, are so plead as to disclose rights

claimed by the petitioner that could be in addition to those claimed in the original complaint.

■ The very term "intervention" implies a *third* party and has been defined as an ancillary proceeding by which a *third* party is permitted to make himself a party, uniting with the defendant in resisting the claims of the plaintiff or demanding something adversely to both of them. Rocca v. Thompson, 223 U.S. 317, 32 S.Ct. 207, 56 L.Ed. 453.

■ An intervenor in an action or proceeding is for all intents and purposes an original party. In re Raabe, Glissman & Co., D.C., 71 F.Supp. 678.

An order overruling the motion to intervene is this day entered.

In considering the motion for summary judgment, it is the contention of the defendant, Traylor Brothers, Inc., that the action was not brought within the time provided in the Miller Act; that the record as it now stands shows that the complaint was filed on February 16, 1960, and that the "final settlement" of the contract in controversy occurred on February 25, 1954, or more than one year prior to the institution of this action, and is, therefore, conclusive that the plaintiff is barred from recovery, notwithstanding the circumstances on which the claim is made.

The Miller Act, 40 U.S.C.A. § 270b(b), provides that, irrespective of the amount in controversy, no suit shall be commenced after the expiration of one year after the date of final settlement of the contract. 40 U.S.C.A. § 270c provides that a certified statement from the Comptroller General as to the date of settlement shall be conclusive upon the parties.

The certificate of the Comptroller General states that a final settlement of the contract in suit was made February 25, 1954. This certificate is filed as an exhibit with the answers of the defendants.

■■ In this state of the proceeding, a summary judgment cannot be entered. The moving party is entitled to a judgment as a matter of law only where the truth is quite clear and where no genuine issue remains for trial. Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967.

A careful study of all the cases cited by the defendant and the court's own research show that there is no case where a summary judgment has been entered under circumstances set forth in the record in the case at bar. In all the cases a hearing was had upon the facts except where it was admitted that the complaint was filed more than a year after the date of final settlement of the prime contract as certified by the Comptroller General, as in United States for Use and on Behalf of B. Katchen Iron Works, Inc. v. Standard Accident Insurance Company, 3 Cir., 257 F.2d 78.

In United States for Use of Soda v. Montgomery, D.C., 152 F.Supp. 309, which was an action under the Miller Act involving the same statutory provisions in the instant case, the district court, after hearing, filed complete findings of fact and conclusions of law. On appeal, the Court of Appeals for the Third Circuit, in United States v. Montgomery, 253 F.2d 509, 512, held that the time limit for starting litigation under the Act was a condition precedent, but vacated the judgment and remanded the case for a determination by the lower court of "the date of final settlement". In the opinion, the court said: "Had the statute of limitations defense been raised at the trial, authoritative information might have been produced to fix the true final settlement date of the contract."

The district court then, in United States for Use of Soda v. Montgomery, 170 F.Supp. 433, held a hearing on the question of establishment by proof of the final settlement date and determined that the certificate of final settlement from the Comptroller General was conclusive as to such date upon the parties. Upon a review of the decision, the Court of Appeals, in the case of United States for Use of Soda v. Montgomery, 3 Cir., 269

F.2d 752, 753, referring to the former consideration of the case and the fact that it had remanded it to the district court, stated: "we vacated the judgment and remanded the case for determination of 'the true final settlement date of the contract'".

In United States for Use of Bangor Roofing & Sheet Metal Co. v. T. W. Cunningham, Inc., 141 F.Supp. 205, 210, which was an action under the Miller Act, the district court held a full hearing and heard proof on the issue of the date of final settlement of the contract. The court said:

> "The burden is upon the plaintiff to establish that it has satisfied the condition imposed by the Miller Act of bringing suit within a year after the date of final settlement. * * * No more than a preponderance of the evidence is required to sustain this burden. But, ironically, in this action, the plaintiff is confronted by a certified statement of the date of final settlement, which, as noted previously, is conclusive upon the parties unless the decision by the government official was not supported by substantial evidence. * * * If the decision of the Comptroller General in certifying August 28, 1952 as the date of final settlement is supported by substantial evidence, then, of course, institution of this action was untimely and therefore it should be dismissed."

On appeal from this decision (Peerless Casualty Company v. United States, 1 Cir., 241 F.2d 811, 817), the appellate court evidently approved the fact that the district court held a hearing on the merits in order to ascertain the proper date of final settlement. The opinion refers to numerous cases and points out that it is necessary to establish fraud or such gross mistake as would imply bad faith before the certificate of the Comptroller General can be set aside. The court said: "Since the district court did not find and the record does not reveal either fraud or such gross mistake as would imply bad faith the certificate of the Comptroller General prevails. The plaintiff cannot claim as of right a broader review by the courts, for, it must be noted, that 'except when the Constitution requires it, judicial review of administrative action may be granted or withheld as Congress chooses.' Estep v. United States, 327 U.S. 114, 120, 66 S.Ct. 423, 426, 90 L.Ed. 567."

■■ I must conclude that the rule is that the certificate of the Comptroller General is conclusive unless the date was fixed erroneously by reason of fraud or mistake. The final settlement date is a condition precedent and the burden of establishing that the date fixed by the Comptroller General was erroneous is, in the case at bar, upon the plaintiff.

As the record stands, the plaintiff has plead that its action, under the Miller Act, has been brought within one year since the final settlement of the contract. Since the rules admit of no reply as a matter of right, all allegations in the defendant's answer stand denied. Under rules of pleading, prior to the Rules of Civil Procedure, it would probably have been incumbent upon the plaintiff to have plead by way of confession and avoidance that the certificate of the Comptroller General, filed as of February 25, 1954, was the result of error. Since such procedure no longer prevails, the court is of the opinion that the parties are at issue on this point and that the motion for summary judgment should be overruled.

An order to that effect is this day entered.